Abran E. Vigil
Nevada Bar No. 7548
Holly A. Priest
Nevada Bar No. 13226
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-Mail: vigila@ballardspahr.com
E-Mail: priesth@ballardspahr.com

*Attorneys for Defendants PHH Mortgage Corporation, Citibank, N.A. as Trustee for the Registered Holders of PHHMC Mortgage Pass-Through Certificates 2007-6 and Mortgage Electronic Registration Systems*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILIPPE LAURENT,<br><br>   Plaintiff,<br><br>v.<br><br>ARTHUR V. BUSH, LORA V. BUSH; CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE PHHMC MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-6; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DOES 1 through 10, inclusive, ROE CORPORATIONS 1 through 10, inclusive,<br><br>   Defendants. | CASE NO. 2:15-CV-02495-RFB-GWF<br><br>ANSWER TO COMPLAINT AND COUNTERCLAIM |

CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE PHHMC MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-6; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

    Counterclaimant

v.

PHILIPPE LAURENT,

    Counterdefendant

  Defendants PHH Mortgage Corporation, Citibank, N.A. as Trustee for the Registered Holders of PHHMC Mortgage Pass-Through Certificates 2007-6 and Mortgage Electronic Registration Systems (collectively "Defendants") hereby submits their Answer to the Complaint of Plaintiff Philippe Laurent ("Laurent" or "Plaintiff") as follows:

  1. Defendants admit the allegations of Paragraph 1 of the Complaint.

  2. Defendants are without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and therefore deny them.

  3. Defendants admit that Arthur V. Bush and Lora V. Bush were owners of the property. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 3 of the Complaint and therefore deny them.

  4. Defendants admit the allegations of Paragraph 4 of the Complaint.

  5. Defendants admit the allegations of Paragraph 5 of the Complaint.

  6. Defendants are without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint and therefore deny them.

  7. Defendants are without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and therefore deny them.

### GENERAL ALLEGATIONS

  8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants submit that the foreclosure deed recorded on the Property is a public record that speaks for itself. Defendants deny any allegation inconsistent with this record and are without sufficient information to admit or deny the remaining allegations of Paragraph 9 of the Complaint and therefore deny them.

10. Defendants submit that Notice of Foreclosure Sale recorded on the Property is a public record that speaks for itself. Defendants deny any allegation inconsistent with this record and are without sufficient information to admit or deny the remaining allegations of Paragraph 10 of the Complaint and therefore deny them.

11. Defendants submit that the foreclosure deed recorded on the Property is a public record that speaks for itself. Defendants deny any allegation inconsistent with this record and are without sufficient information to admit or deny the remaining allegations of Paragraph 11 of the Complaint and therefore deny them.

12. Defendants deny that Plaintiff took title to the Property free and clear of all liens and encumbrances, including the Deed of Trust. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint and therefore deny them.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. Defendants submit that the deed of trust recorded on the Property is a public record that speaks for itself. Defendants deny any allegation inconsistent with this record and are without sufficient information to admit or deny the remaining allegations of Paragraph 14 of the Complaint and therefore deny them.

15. Defendants submit that the assignment recorded on the Property is a public record that speaks for itself. Defendants deny any allegation inconsistent with this record and are without sufficient information to admit or deny the remaining allegations of Paragraph 15 of the Complaint and therefore deny them.

16. Defendants submit that the second deed of trust recorded on the Property is a public record that speaks for itself. Defendants deny any allegation

inconsistent with this record and are without sufficient information to admit or deny the remaining allegations of Paragraph 16 of the Complaint and therefore deny them.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants admit that their claim to the Property conflicts Plaintiff's claim. PHH is without sufficient information to admit or deny the remaining allegations of Paragraph 18 of the Complaint and therefore deny them.

19. Defendants deny the allegations of Paragraph 19 the Complaint.

20. Defendants admit that Plaintiff is bringing this instant action, but Defendants deny that Plaintiff is entitled to such relief.

## FIRST CLAIM FOR RELIEF ACTION
(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, et. seq. and NRS 116, et. seq.)

21. Defendants repeat their answers contained in Paragraphs 1 through 20.

22. Defendants submit that NRS 30.030, et seq. and NRS 40.010 speak for themselves, and Defendants deny the allegations of Paragraph 22 to the extent they misstate the statutes' terms or are not read in connection with other relevant laws, including the U.S. Constitution and the Nevada Constitution.

23. Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint and therefore deny them.

24. Defendants admit the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff is seeking an order from the court quieting title in its favor, but Defendants deny that Plaintiff is entitled to such an order.

## SECOND CLAIM FOR RELIEF
(Preliminary and Permanent Injunction against Citibank and PHH)

27. Defendants repeat their answers contained in Paragraphs 1 through

26.

28. Defendants are without sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint and therefore deny them.

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

Unless expressly admitted in this Answer, Defendants deny all other allegations in Plaintiff's Complaint, including, without limitation, any allegations suggested by the Complaint's headings.

## AFFIRMATIVE DEFENSES

Defendants are continuing to investigate Plaintiff's claims and do not waive any affirmative defenses. Defendants reserve their right to amend this Answer and add any subsequently discovered affirmative defenses or claims.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The acts alleged in the Complaint were the acts of third parties over whom Defendants have no control or responsibility.

### Third Affirmative Defense

The alleged homeowner's association foreclosure sale was not reasonable, and the circumstances of the sale of the property violated the Bella Vista Homeowners Association's ("Association") obligation of good faith under NRS 116.1113 and duty to act in a reasonable manner.

### Fourth Affirmative Defense

Plaintiff purchased the property with notice of the interest of the senior deed of trust recorded against the property and is not a bona fide purchaser for value.

### Fifth Affirmative Defense

Plaintiff takes title, if any, to the property subordinate in time and right to

Defendants' interests, rights, liens and claims to the property.

### Sixth Affirmative Defense

NRS Chapter 116, including without limitation NRS § 116.3116 *et seq.* is void for vagueness.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the Due Process Clause of the Nevada Constitution and United States Constitution and the Takings Clause of the United States Constitution.

### Eighth Affirmative Defense

The claimed lien, including the super-priority portion of it and the sub-priority portion of it, was satisfied under the doctrines of tender, estoppel, laches, waiver and/or release.

### Ninth Affirmative Defense

The Association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust based on the failure to provide proper notice of the "super-priority" assessment amounts in accordance with the requirements of NRS Chapter 116, federal law, and constitutional law.

### Tenth Affirmative Defense

To the extent that this defense may become applicable after further investigation and discovery, Defendants assert the Association foreclosure sale is void or otherwise insufficient to extinguish the deed of trust based on the failure to provide proper notice of the sale in accordance with the requirements of NRS Chapter 116.

### Eleventh Affirmative Defense

The Association foreclosure sale is a voidable fraudulent transfer under the Uniform Fraudulent Transfer Act (NRS 112.140 *et seq.*).

### Twelfth Affirmative Defense

The Association foreclosure sale is void because the price paid at the sale

1 | was grossly inadequate.

**Thirteenth Affirmative Defense**

The Nevada Supreme Court's Opinion in SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014), is prospective only and does not apply in this case because the subject foreclosure sale occurred before September 18, 2014.

## COUNTERCLAIM

## GENERAL ALLEGATIONS

1. On or about September 4, 2007, Arthur and Lora Bush obtained a loan from PHH Mortgage Corporation in the amount of $800,000, which was secured by a deed of trust ("Deed of Trust") recorded against real property commonly known as 2837 Maryland Hills Drive, Henderson, NV 89052 (the "Property") on September 10, 2007, as book and instrument number 200709100001057, in the Office of the Clark County Recorder.

2. On June 29, 2012, an assignment of the Deed of Trust (the "Assignment") was recorded on the Property as book and instrument number 201206290000780, in the Office of the Clark County Recorder.

3. The Assignment assigned the beneficial interest in the Deed of Trust to Citibank, N.A., as Trustee for the Registered Holders of PHHMC Mortgage Pass-Through Certificate Series 2007-6.

4. On September 20, 2013 a foreclosure deed ("Association Foreclosure Deed") was recorded against the Property as book and instrument number 201306260000889, in the Office of the Clark County Recorder. The Association Foreclosure Deed purports to transfer title to the property to Plaintiff.

6. After September 20, 2013, Defendants expended funds and resources to maintain and preserve the Property, including but not limited to funds for taxes and insurance.

7. Defendants intended to benefit themselves, not Plaintiff, by expending the funds and resources to maintain and preserve the Property.

8. At the time Defendants expended funds and resources to maintain and preserve the Property, Defendants reasonably believed that their actions would benefit themselves, not plaintiff.

## FIRST CLAIM FOR RELIEF
### (Unjust Enrichment)

9. Defendants repeat their allegations in paragraphs 1 through 8.

10. Plaintiff is unjustly enriched, in that Defendants continue to expend funds and resources to maintain and preserve the Property to the benefit of plaintiff and to the detriment of Defendants, and contrary to fundamental principles of fairness, justice, and fair dealing.

11. Plaintiff appreciated the benefit conferred upon it and the continued acceptance and retention of this benefit by Plaintiff is inequitable, without payment to Defendants.

12. Defendants are entitled to recoup the reasonable amount of benefits obtained by plaintiff based on the theory of unjust enrichment.

13. As a direct and proximate result of the foregoing, Defendants have suffered damages in an amount to be ascertained at trial as a result of the Plaintiff's unjust enrichment.

14. Defendants were required to retain the services of attorneys to prosecute this action, and have been damaged thereby, and are therefore entitled to recover from plaintiff their reasonable attorneys' fees and costs of suit incurred herein.

## REQUEST FOR RELIEF

WHEREFORE, Defendants request the following relief:

1. For an order declaring that Defendants' interest in the Property was not extinguished by the Association foreclosure sale;

2. For an order declaring that the Association foreclosure sale is void;

3. For an order prohibiting plaintiff, its successors, assigns, and agents from encumbering, selling, or transferring the Property;

4. For an order requiring plaintiff, its successors and assigns, to pay all taxes, insurance and homeowners association dues during the pendency of the action;

5. For an order requiring plaintiff, its successors and assigns to segregate and deposit all rents with the Court or a Court-approved trust account over which plaintiff has no control during the pendency of the action;

6. If it is determined that Defendant's Deed of Trust has been extinguished by the Association foreclosure sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Loan and Deed of Trust, together with all amounts advanced by Defendants, including but not limited to, amounts advanced for taxes, insurance, and maintenance of the Property, whichever is greater.

Dated: January 7, 2016.

                    BALLARD SPAHR LLP

                    By: _____
                    Abran E. Vigil
                    Nevada Bar No. 7548
                    Holly Ann Priest
                    Nevada Bar No. 13226
                    100 North City Parkway
                    Suite 1750
                    Las Vegas, Nevada 89106
                    *Attorneys for Defendants PHH Mortgage Corporation, Citibank, N.A. as Trustee for the Registered Holders of PHHMC Mortgage Pass-Through Certificates 2007-6 and Mortgage Electronic Registration Systems*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2016, a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIM** was filed via the Court's CM/ECF System and electronically served by the Court on all parties in interest.

Michael N. Beede, Esq.
The Law Office of Mike Beede, PLLC
2300 West Sahara Ave., Suite 420
Las Vegas, NV 89102

/s/ [signature]
An employee of
BALLARD SPAHR LLP