MICHAEL N. BEEDE, ESQ.
Nevada State Bar No. 13068
ZACHARY CLAYTON, ESQ.
Nevada State Bar No. 13464
**THE LAW OFFICE OF MIKE BEEDE, PLLC**
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
Facsimile (702) 832-0248
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILIPPE LAURENT,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br><br>ARTHUR V. BUSH; LORA V. BUSH; CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE PHHMC MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-6; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br>　　　　　Defendants. | CASE NO. 2:15-cv-02495<br><br><br><br>**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS AND FOR AN ORDER FOR SERVICE BY PUBLICATION** |

　　COMES NOW the Plaintiff, PHILIPPE LAURENT, by and through his attorney, Michael Beede, Esq. of the Law Offices of Mike Beede, and moves this Honorable Court Ex Parte, for an Order to Enlarge Time for Service of Process and for Service By Publication for Defendant, Lora V. Bush (hereafter, "Defendant").

///

///

1

1  This Ex Parte Motion is based upon the pleadings and papers on file in this action, Memorandum of Points and Authorities, the affidavits and exhibits attached hereto and incorporated herein by reference.

Dated this __27th__ day of __January__, 2016.

                        THE LAW OFFICE OF MIKE BEEDE, PLLC

                        /s/Michael Beede

BY: _____

                        Michael N. Beede, Esq.
                        Nevada State Bar No. 13068
                        Zachary Clayton, Esq.
                        Nevada State Bar No. 13464
                        2300 W Sahara Ave., Suite 420
                        Las Vegas, NV 89102
                        Telephone (702) 473-8406
                        Facsimile (702) 832-0248
                        *Attorney for Plaintiff*

## AFFIDAVIT OF MICHAEL BEEDE, ESQ.

STATE OF NEVADA           )
                          ) ss:
COUNTY OF CLARK           )

Michael Beede, Esq., being first duly sworn, deposes and states that:

1. Under penalties of perjury, I swear that I am an attorney licensed to practice law in the State of Nevada and I'm employed by The Law Offices of Mike Beede, PLLC. As such, I am the attorney for the Plaintiff in the above-entitled case.

2. I hereby submit this Affidavit in Support of Plaintiff's Ex Parte Application to Extend Time for Service of Process and for Service of Process by Publication.

3. I have read Plaintiff's Ex Parte Application to Extend Time for Service of Process and for Service of Process by Publication, the facts of which are incorporated as those fully set forth herein and I believe its contents to be true and as to those statements and allegations made upon information and belief, I believe them to be true.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL BEEDE, ESQ.

SUBSCRIBED and SWORN to before me this 27 day of January, 2016.

_____
NOTARY PUBLIC in and for said
County and State

JENNIFER CASE
Notary Public-State of Nevada
APPT. NO. 12-9435-1
My App. Expires October 26, 2016

## I.
## BRIEF RECITATION OF FACTS

This is a real property action seeking quiet title on the property located at 2837 Maryland Hills Drive Henderson NV 89052, which was purchased at a Homeowners Association foreclosure sale on May 15, 2013. On November 12, 2015, Plaintiff filed their Complaint; thus, the last day to serve process is March 11, 2016.

On January 15, 2016, an Affidavit of Due Diligence was filed. The Plaintiff has attempted to serve the Defendant at 2837 Maryland Hills Drive and 8610 Maryland Parkway #3033, their last known address with no success. (See Affidavit of Due Diligence, attached hereto as exhibit 1.) Inasmuch as the last day in which to serve process is fast-approaching, Plaintiff seeks an Order of this Court to Enlarge Time for Service of Process and to Serve Process by Publication.

## POINTS AND AUTHORITIES
## II.

NRCP 4(i) provides authority for the Court to enlarge time for service of process.  It provides,

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion, unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period. If the party on whose behalf such service was required fails to file a motion to enlarge the time for service before the 120-day service period expires, the court shall take that failure into consideration in determining good cause for an extension of time. Upon a showing of good cause, the court shall extend the time for service and set a reasonable date by which service should be made.

Despite diligent efforts, Plaintiff has been unable to locate Defendants in order to effectuate service of process. Accordingly, Plaintiff seeks an extension of time in the amount of 90 days in which to serve process by publication.

In addition to attempting personal service of process on Defendant, Plaintiff has mailed Defendant at his last known address, a copy of the Summons and Complaint were sent by regular mail addressed to Defendants.

Inasmuch as Defendant cannot be found within the State of Nevada, Rule 4 permits this Court to Order Service of Publication. It provides as follows:

> (i) General. When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found with in the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exist against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.
>
> Provided, when said affidavit is based on the fact that the party on whom service is to be made resides out of the state, and the present address of the party is unknown, it shall be a sufficient showing of such fact if the affiant shall state generally in such affidavit that at a previous time such person resided out of this state in a certain place (naming the place and stating the latest date known to Affiant when such party so resided there); that such place is the last place in which such party resided to the knowledge of Affiant; that such party no longer resides at such place; that Affiant does not know the present place of residence of such party or where such party can be found; and that Affiant does not know and has never been informed and has no reason to believe that such party now resides in this state; and, in such case, it shall be presumed that such party still resides and remains out of the state, and such affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant. This rule shall apply to all manner of civil actions, including those for divorce.
>
> . . .

> **(iii) Publication.** The order shall direct the publication to be made in a newspaper, published in the State of Nevada, to be designated by the court or judge thereof, for a period of 4 weeks, and at least once a week during said time. In addition to in-state publication, where the present residence of the defendant is unknown the order may also direct that publication be made in a newspaper published outside the State of Nevada whenever the court is of the opinion that such publication is necessary to give notice that is reasonably calculated to give a defendant actual notice of the proceedings. In case of publication, where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at the person's place of residence. The service of summons shall be deemed complete in cases of publication at the expiration of 4 weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of 4 weeks from such deposit.

In the matter of **_Foster v. Lewis_**, 78 Nev. 330; 372 P.2d 679 (1962), although the Court upheld the lower court's finding that no personal service of summons was made on either of the respondents, although service by publication had been granted, when referring to NRCP 4(e)(1)(i), the Court found that:

> "The proviso of this rule can be utilized only when the affidavit states that the party on whom service is to be made resides out of the state (which the affidavit here does) and that the present address of the party is unknown (the affidavit is silent on this point). Since the affidavit does not contain the requirements of the proviso, it is necessary to ascertain if compliance has been made with the requirements of the first paragraph of the section. This states, in part: "When the person on whom service is to be made resides out of the state*** and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof***."

In the present case, the Affidavit of Due Diligence complies with the requirements of NRCP 4. Furthermore, Plaintiff has properly exercised due diligence in accordance with NRCP 4(e)(1)(i) in an attempt to locate the Defendant.

6

Plaintiff has endeavored to effect personal service on all of the defendants in this action because the primary concern since the outset of this case has been the effort to identify those with possible claims to and quiet title to real property in the State of Nevada. Plaintiff's diligence in attempting service coupled with the defendants' deliberate attempts to avoid service warrant an enlargement of the time permitted to serve the remaining defendants. The Nevada Supreme Court in *Scrimer v. Eighth Jud. Dist.,* 116 Nev. 507, 998 P.2d 1190 (2000), set out the requirement that extensions in time for service be granted based upon a showing of "good cause." The court laid out several factors for determining if good cause exists:

> We conclude that a number of considerations may govern a district court's analysis of good cause under NRCP 4(i), and we emphasize that no single consideration is controlling. Appropriate considerations include: (1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel in attempting service, (5) the running of the applicable statute of limitations, (6) the parties' good faith attempts to settle the litigation during the 120-day period, (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court.

In applying the *Scrimer* factors, good cause for an extension exists here, as Plaintiff has had substantial difficulties in locating the remaining Defendants, Plaintiff believes that Defendants are aware, or should be aware of this lawsuit but are intentionally attempting to evade service, Plaintiff has exercised diligence in attempting to effect service by taking the following steps: two (2) separate attempts at the last known physical address, plus performing Social/ Name Trace and search of the County Assessor, DMV, Voter Registration and Telephone directory, with confirmation of last known address. Plaintiff's attorney has encountered significant difficulty in serving the defendant, as personal service has been attempted on two (2) occasions at the defendant's last known address, and two (2) at 2837 Maryland Hills Drive and 8610 Maryland Parkway #3033. The Defendant will suffer no prejudice, as Plaintiff could simply reassert her claims at issue if the complaint were dismissed without prejudice. Inasmuch

as the last day to serve process is March 11, 2016, this Court should enter an order to enlarge time to allow service by publication and an order for service by publication.

## III.

## **CONCLUSION**

Plaintiff has satisfied the requirements of NRCP 4(e)(1), and an Order to Enlarge Time for Service of Process and an Order for Service by Publication should be entered forthwith against Defendant, Lora V. Bush.

Dated this _27th_ day of _January_, 2016.

                    THE LAW OFFICE OF MIKE BEEDE, PLLC

                    /s/Michael Beede

BY: _____

                    Michael N. Beede, Esq.
                    Nevada State Bar No. 13068
                    Zachary Clayton, Esq.
                    Nevada State Bar No. 13464
                    2300 W Sahara Ave., Suite 420
                    Las Vegas, NV 89102
                    Telephone (702) 473-8406
                    Facsimile (702) 832-0248
                    *Attorney for Plaintiff*

# EXHIBIT 1

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

PHILLIPE LAURENT,

        Plaintiff(s),

vs.

ARTHUR V. BUSH; et al.,

        Defendant(s).

Case Number: 2:15-cv-02495
Dept. No:
Docket No:

**AFFIDAVIT OF DUE DILIGENCE**

STATE OF NEVADA    )
                             ) ss.
COUNTY OF CLARK  )

Karie Castle, being first duly sworn, deposes and says; that affiant is and was on the dates when service was attempted of the within: **SUMMONS AND COMPLAINT,** a citizen of the United States, over 18 years of age, and not a party to, nor interested in the within action; that affiant received the above named document(s) and attempted to personally serve them/have them served upon: **LORA V. BUSH** subject(s), during the period of November 24, 2015 through December 14, 2015 at his/her last known address(es) of: 2837 Maryland Hills Drive and 8610 Maryland Parkway #3033 in the City of Henderson and Las Vegas, County of Clark, State of Nevada, without success in locating said subject(s). Affiant was not able to serve subject(s)/have subject(s) served for the following reasons:

- 1 -

11-30-15 at 7:01 p.m. – Per male occupant at 2837 Maryland Hills Drive, he moved here three years ago. Subject is unknown.

12-14-15 at 6:13 p.m. – Per male occupant at 8610 Maryland Parkway #3033, he knows subject, but subject does not live here. Forwarding is unknown.

Affiant performed Social / Name trace and searched County Assessor, DMV, Voter Registration, and Telephone Directory. The within stated addresses are the last known and/or most current for subject. Additionally, affiant was unable to locate Place of Employment for subject.

Affiant, on the basis of the previous information, was unable to locate / serve subject(s).

_____
Karie Castle #R002343
Attorney's Process
Nevada License No. 429
320 E. Warm Springs Rd., #4A-14
Las Vegas, NV 89119
(702) 547-9036

SUBSCRIBED AND SWORN TO BEFORE me this 21st day of December, 2015.

_____
NOTARY PUBLIC

SCOTT B. HETRICK
Notary Public State of Nevada
No. 94-1814-1
My Appt. Exp. Sept. 9, 2018

- 2 -

**ORD**
MICHAEL N. BEEDE, ESQ.
Nevada State Bar No. 13068
ZACHARY CLAYTON, ESQ.
Nevada State Bar No. 13464
**THE LAW OFFICE OF MIKE BEEDE, PLLC**
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
Facsimile (702) 832-0248
*Attorney for Plaintiff PHILIPPE LAURENT*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILIPPE LAURENT,<br><br>Plaintiffs,<br><br>vs.<br><br>ARTHUR V. BUSH; LORA V. BUSH; CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE PHHMC MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-6; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:15-cv-02495<br><br>**PROPOSED ORDER GRANTING EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS AND FOR AN ORDER FOR SERVICE BY PUBLICATION AS TO LORA V. BUSH.** |

**IT IS ORDERED** that the Plaintiff shall be granted an additional 60 days to serve the Defendant, LORA V. BUSH (hereafter, "Defendant"); and

**IT IS FURTHER ORDERED**, that the Defendant may be served by Publication of the Summons and Complaint at least once a week for four (4) consecutive weeks in a newspaper of general circulation, Nevada Legal News, published in Clark County, Nevada, and in addition thereto, a copy of the Summons and Complaint shall be forthwith mailed to

the Defendant at their last known address, 2837 Maryland Hills Drive and 8610 Maryland Parkway #3033, first class certified mail, postage prepaid.

Dated this __28th__ day of __January__, 2016.

Submitted by:

/s/Michael Beede
_____
Michael N. Beede, Esq.
Nevada State Bar No. 13068
Zachary Clayton, Esq.
Nevada State Bar No. 13464
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
Facsimile (702) 832-0248
*Attorney for Plaintiff PHILIPPE LAURENT*

_____
RICHARD F. BOULWARE, II
United States District Judge