UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHILIPPE LAURENT,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR V. BUSH; LORA V. BUSH; CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE PHHMC MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-6; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants.<br><br>CITIBANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE PHHMC MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-6; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;<br><br>Counterclaimants,<br><br>v.<br><br>PHILIPPE LAURENT,<br><br>Counterdefendant. | Case No. 2:15-cv-02495-RFB-GWF<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court are three motions: Defendants PHH Mortgage Corporation ("PHH"), CitiBank N.A. as Trustee for the Registered Holders of PHHMC Mortgage Pass-Through Certificates 2007-6 ("CitiBank"), and Mortgage Electronic Registration Systems' ("MERS")

(collectively "Defendants")  motion for summary judgment , Plaintiff Phillippe Laurent's motion for summary judgment, and Defendants' motion for leave to file a supplement to its motion for summary judgment. ECF Nos. 69, 73, 84. For the following reasons, the Court denies Defendants' motions and grants Laurent's motion.

## II. PROCEDURAL BACKGROUND

Laurent sued Defendants on November 12, 2015 in state court, asserting a claim for declaratory relief or to quiet title and a claim for a preliminary and permanent injunction.  ECF No. 1-1 at 3. Laurent seeks declaratory relief that a property he purchased at a nonjudicial foreclosure sale was not subject to Plaintiffs' deed of trust.  The matter was removed to this Court on December 30, 2015.  ECF No. 1.  Defendants answered the complaint on January 7, 2016 and asserted a counterclaim for unjust enrichment.  ECF No. 5.  Defendants amended the answer and the counterclaims on August 9, 2016, adding claims for declaratory relief and for quiet title.  ECF No. 27.

The matter was stayed and all pending motions were denied without prejudice on July 7, 2017, pending the Nevada Supreme Court's decision on the certified question in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1251 (Nev. 2018).  ECF No. 58.  The stay was lifted on November 21, 2018.  ECF No. 66.  Defendants now move for summary judgment.  ECF No. 69.  A response and a reply were filed.  ECF Nos. 72, 79.  Laurent also moves for summary judgment.  ECF No. 73.  A response was filed.  ECF Nos. 78.

## III. Undisputed Facts

The Court finds the following facts to be undisputed. On September 4, 2007, Arthur V. Bush and Lora V. Bush purchased property at 2837 Maryland Hills Drive, Henderson, Nevada 89052 (the "property") by obtaining a loan from PHH.  The property sits in a neighborhood

governed by the Bella Vista Homeowners Association ("HOA"), which required the Bushes to pay monthly assessments to the HOA. The loan was secured by a deed of trust that named MERS as the nominee-beneficiary. MERS assigned the deed of trust to CitiBank on June 29, 2012.

The Bushes fell behind on their HOA assessments. Red Rock Financial Services ("Red Rock"), as the HOA's agent, recorded a lien for delinquent assessments against the property on March 13, 2012. On May 22, 2012, Red Rock then recorded a notice of default and election to sell pursuant to the lien for delinquent assessments. Red Rock recorded a notice of foreclosure sale, setting a sale date of January 17, 2013, on December 27, 2012. Red Rock recorded the notices pursuant to Chapter 116 of the Nevada Revised Statutes ("NRS").

On August 14, 2013, a foreclosure deed was recorded against the property. The foreclosure deed states that Red Rock, as the homeowners' association's agent, sold without warranty "all of its rights, title and interest" in the property to Laurent for $22,700 on May 15, 2013.

**IV.　Disputed Facts**

The parties dispute only the legal consequences of the facts.

**V.　LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party

"must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## VI. DISCUSSION

The Court considers the following issues in turn: (1) whether Defendants have standing to assert a claim for declaratory relief to quiet title in the property; (2) whether Defendants' claims are time-barred; (3) whether NRS Chapter 116, as it existed at the time, violated Defendants' procedural due process rights on its face; and (4) whether the HOA conveyed only its lien interest, rather than the former homeowners' title interest, to the property.

### a. Standing

Laurent first argues that Defendants lacks standing to assert a claim for declaratory relief. The Court disagrees.

Defendants have standing to bring their cause of action for declaratory relief to quiet title because they assert an interest adverse to Plaintiff in the subject property. See Nev. Rev. Stat § 40.010 ("An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.").

### b. Statute of Limitations

Laurent next argues that Defendants' claims are time barred. Laurent argues that the

statute of limitations began to run in 1991—the year in which NRS Chapter 116 was enacted.[1] Alternatively, Laurent argues the statute of limitations began to run on September 4, 2007, the date on which the deed of trust was recorded against the property. The Court disagrees.

The Court find the statute of limitations began to run on the date of the foreclosure sale: May 15, 2013. The Defendants answered Plaintiff's complaint and asserted a counterclaim for unjust enrichment on January 7, 2016, within three years from the foreclosure sale. The answer and countercomplaint were amended to add counterclaims for quiet title and declaratory relief on August 9, 2016, but the Court finds that the subsequent counterclaims relate back to the original countercomplaint, as the amended countercomplaint adds no new parties and the newly asserted counterclaims for quiet title and declaratory relief stem from the same event: the foreclosure sale on May 15, 2013. Fed. R. Civ. P. 15 (c)(1)(B) (amended pleading may relate back to original pleading when "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading). Thus, the claims are not time barred. See Bank of New York Mellon v. Mission Del Rey Homeowners Ass'n, No. 2:17-cv-02173-RFB-GWF, 2019 WL 1442182, at *3 (D. Nev. Mar. 31, 2019) (applying a three-year and a four-year statute of limitations to declaratory relief and quiet title claims involving foreclosure sales conducted under NRS Chapter 116).

### c. Due Process

The Court now turns to Defendants' argument that NRS Chapter 116 violates their due process rights facially and as-applied. Defendants raise several grounds for NRS Chapter 116's unconstitutionality. Defendants first argues that NRS Chapter 116 violated their due process

---

[1] Although the law was passed in 1991, it did not go into effect until 1992. A.B. 221, 1991 Leg. § 142 ("This act becomes effective on January 1, 1992").

- 5 -

rights under Bourne Valley. Bourne Valley v. Wells Fargo Bank, NA, 832 F.3d 1154 (9th Cir. 2016) (holding that NRS Chapter 116 opt-in provisions violate due process on their face). Defendants next argue that NRS Chapter 116 is unconstitutional because two provisions, specifically NRS 116.31162 and NRS 116.31165, allow HOAs to foreclose without notifying a deed of trust beneficiary when the HOA's lien includes superpriority assessments and without conducting a presale hearing. The Court addresses each of these arguments in turn.

The Court finds that NRS Chapter 116 does not facially violate the due process rights of the defendants despite the Ninth Circuit's decision in Bourne Valley, because NRS Chapter 116 incorporates the notice requirements of NRS Chapter 107. SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1253 (Nev. 2018). Ninth Circuit construction of state law is only binding to the extent that there is no subsequent indication from the state court that the interpretation was incorrect. Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983). SFR was a subsequent state court decision indicating that the Ninth Circuit's construction of NRS Chapter 116 was incorrect. The Ninth Circuit has recently confirmed that NRS 116 is not facially unconstitutional for this reason. See Bank of America, N.A. v. Arlington West Twilight Homeowner Association, 920 F.3d 620, 624 (9th Cir. 2019) ("In light of [SFR] . . . we conclude that Nev. Rev. Stat. § 116.3116 *et seq* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme."). However, to the extent that Bourne Valley's finding that NRS Chapter 116 constitutes state action remains good law, the Court shall consider Defendants' remaining due process arguments.

The Court also finds that NRS Chapter 116 does not violate Defendants' due process rights for failing to notify the deed of trust beneficiary as to whether or not the HOA lien assessments include the superpriority portions of the lien. As this Court has previously explained

in CitiMortgage, Inc. v. Help for Homeowners, Inc., due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to take steps to preserve that right. No. 2:17-cv-02738-RFB-VCF, 2019 WL 1446960, at * 3 (D. Nev. Mar. 31, 2019) (citing In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995)). The Court thus rejects Defendants' argument that the versions of NRS 116.31162 and NRS 116.31165 in effect at the time facially violated due process.

The Court next finds that NRS Chapter 116 did not violate the due process rights of Defendants for failure to require a presale hearing. While it is true that "[o]rdinarily, due process of law requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest," the Ninth Circuit has recognized that a hearing is not always required to satisfy procedural due process. Samson v. City of Bainbridge Island 683 F.3d 1051, 1060 (9th Cir. 2012) (internal citations omitted). The Ninth Circuit explained that "[w]hen the action is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Id. at 1060. The Court finds that in passing NRS Chapter 116, and by incorporating the notice provisions of NRS 107, the Nevada legislature was performing its responsibilities in the normal manner prescribed by law. This legislative action created a nonjudicial foreclosure process. The statutory scheme here requires notice to lienholders such as the Defendants here before a foreclosure sale can be commenced. SFR, 422 P.3d at 1253. Such lienholders thus have sufficient notice to be able to seek appropriate judicial intervention in this nonjudicial foreclosure process. See In re Medaglia, 52 F.3d at 455 (noting that due process is not offended by requiring a party with sufficient notice to take appropriate action to preserve its property interest). The Court finds that the acceptance of Defendants' argument would essentially require this Court to redraft Chapter 116 and convert it

from a nonjudicial foreclosure scheme to a judicial foreclosure scheme. The Court declines to engage in such legislative redrafting. The Court finds that the statutory scheme of NRS Chapter 116 did not violate Defendants' due process rights by failing to require a presale hearing.

Moreover, the Court also reiterates that the Ninth Circuit has analyzed the foreclosure scheme under Chapter 116 and found that it does not violate due process. <u>Arlington West Twilight Homeowner Association</u>, 920 F.3d at 624.

### d. Substantial Compliance with NRS 116.31164(3)

Defendants next argue that the foreclosure deed conveyed to Laurent failed to comply with NRS 116.31164(3). The version of NRS 116.31164(3) in effect at the time of the sale stated:

> "After the sale, the person conducting the sale shall: (a) Make, execute and, after payment is made, deliver to the purchaser, or his or her successor or assign, *a deed without warranty which conveys to the grantee all title of the unit's owner to the unit*; (b) Deliver a copy of the deed to the Ombudsman within 30 days after the deed is delivered to the purchaser, or his or her successor or assign; and (c) Apply the proceeds of the sale for the following purposes in the [order provided for within the statutory scheme]." NRS 116.31164(3) (emphasis added).

The foreclosure deed in this matter states that the HOA "does hereby grant and convey, but without warranty expressed or implied to [Laurent] . . . all its right, title and interest" to the property to Laurent. Defendants thus argue that because the foreclosure deed did not specify that it conveyed all of the "unit owner's*"* rights, rather than its own right, title, and interest, it conveyed only its lien interest in the property.

The question for the Court thus becomes whether NRS 116.31164(3) required strict compliance or substantial compliance. When determining whether a provision requires substantial or strict compliance, the Court must "look to the language used and policy and equity considerations." <u>Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nevada Ass'n Servs.</u>,

444 P.3d 428, 434 (Nev. 2019) (internal citations omitted). As a general rule, the Nevada Supreme Court provides that "time and manner" requirements are strictly construed, while substantial compliance is sufficient for "form and content requirements." Id. (internal citations omitted). Moreover, substantial compliance "may be sufficient to avoid harsh, unfair, or absurd consequences." Id. (internal citations and alterations omitted).

The Nevada Supreme Court has further explained that "time and manner" requirements "refer to when performance must take place and the way in which the deadline must be met." Pawlik v. Shyang-Fenn Deng, 412 P.3d 68, 73 (Nev. 2018) (internal citations omitted). By contrast, manner and form requirements "dictate who must take action and what information that party is required to provide." Id. (internal citations omitted). The Court finds that the language of NRS 116.31164(3) was a form and content provision, because it required that the HOA take action and dictated the information that must be included in the deed of trust conveyed to the buyer. Compliance with NRS 116.31164(3)'s content requirements may therefore be satisfied by substantial compliance.

The Court finds that the HOA substantially complied with NRS 116.31164(3)'s requirements. Defendants proffer no evidence that the HOA or Laurent understood the foreclosure deed to be conveying anything less than the title interest of the former homeowner. There are no other "units" at issue or even under consideration. The deed thus could only be referencing the subject property in this case. It would be a harsh and unfair consequence to Laurent to find that the foreclosure deed only conveyed the HOA's lien interest absent any affirmative indication from the HOA or Laurent that that was their intent and based upon the failure to include in the deed a few words that were not necessary to clarify what property was at issue.

Finally, the Court could not locate any specific legislative history that specifically discusses the intent behind the language of the NRS 116.31164(3). But the Court does note that the Nevada legislature states that "[t]he remedies provided by Chapter 116 must be liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed." Nev. Rev. Stat. § 116.1114. The Court finds that the only reasonable readings as to the aggrieved parties that NRS 116.31164(3) seeks to protect are the HOA and the prospective purchaser, not any of the defendants. This further supports a finding of substantial compliance in this case. Thus, the Court finds that based on the language and intent of the NRS Chapter 116 statutory scheme, the HOA, through its agent, substantially complied with NRS 116.31164(3) and properly conveyed the unit owner's title to Laurent.

### VII. CONCLUSION

**IT IS THEREFORE ORDERED** that [69] motion for summary judgment is DENIED.

**IT IS FURTHER ORDERED** that [73] motion for summary judgment is GRANTED. The Court finds in favor of Philippe Laurent on his quiet title claim. The Court thus declares that the foreclosure sale extinguished the first deed of trust and that Philippe Laurent acquired title to the property free and clear of the deed of trust. Because this declaration is dispositive of the matter, the Court dismisses the remaining claims and counterclaims.

**IT IS FURTHER ORDERED** that [84] motion for leave to file supplemental briefing is denied as moot.

**IT IS FURTHER ORDERED** that the Court of the Clerk is instructed to enter judgment and close this case accordingly.

DATED: September 29, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**